JAMES H. DUNHAM and Others, Appellants, v. BERNARD REILLY, Late Sheriff, etc., Respondent.

*Executions upon judgments recovered in the Marine Court of the city of New York— proceedings as to the issuing of, such executions were regulated until 1880 by section 53 of chapter 479 of 1875, and chapter 515 of 1879.*

Until 1880 the proceedings in the Marine Court of the city of New York, as to the issuing of executions upon judgments recovered in that court, were regulated and controlled by section 53 of chapter 479 of 1875, and chapter 515 of 1879, which authorized such executions to be issued at once to the sheriff of the county, or to any marshal of the city, without filing a transcript of the judgment in the office of the county clerk.

Appeal from a judgment sustaining a demurrer to an amended complaint.

*E. R. Robinson,* for the appellants.

*Vanderpoel, Green & Cuming,* for the respondent.

Brady, J.

The plaintiffs recovered judgment against one Rogers and Luke, Joseph and Robert Orr on the 6th day of January, 1879, in the Marine Court of this city, and on that day issued executions to the then sheriff of this county, which, on the eighth of March following were returned *nulla bona.* No transcript of either of these judgments was filed in the office of the county clerk before the executions were issued or their return. The plaintiffs commenced this action to recover damages for the return mentioned, which with proper averments was alleged to be false. The defendant demurred and that pleading was sustained, the defendant contending through counsel learned in the law that the executions were absolutely void and consequently the plaintiffs acquired nothing by their issuance.

The question presented *in limine* is whether the executions could properly go to the sheriff on the judgments only, and without filing transcripts of them in the office of the clerk of this county. The doubt arises as have many others from the multiple legislation which is indulged in reference to this city, its affairs and its courts, and in a manner which is obscure and therefore distinguished by

inconsistencies and seeming conflicts which require searching industry to remove.

The Marine Court of this city has been the subject of numerous enactments, rendered necessary by its increasing importance as a tribunal for the supposed speedier administration of justice, but with which the Code and the amendments have to some extent seemingly interfered, either actually or by construction, and hence controversy and debate. It is not the intention now to group these abundant legislative acts but to refer only to such as bear upon the question to be disposed of, and to present, it is hoped intelligently, the result of a tedious chase, the respective counsel herein having wandered abroad and gathered elaborately upon the subject, but yet not fully.

It is insisted that the provisions of the Code (§§ 1365 to 1369 inclusive), are decisive of the question involved, inasmuch as they declare in substance that an execution against property can be issued only to a county, in the clerk's office of which the judgment is docketed, and that this incident is exacted in spirit, if not in words, in all the sections referred to. This proposition is based upon chapter 449, subdivision 10 of section 5 of the Laws of 1876, the so-called explanatory act, which, by section 7, declares what part of the new Code shall not apply to the Marine Court, making no, mention, however, of executions, while subdivision 10 of section 5, declares that the provisions of the new Code shall apply to executions generally. It was not, however, until the second part of the Code was adopted that any direct reference was made to the Marine Court on the subject. Section 3347, then making the provisions as to executions applicable to all such process issued out of any court of record, other than those to be directed pursuant to law, to a constable or marshal. The Marine Court was then a court of record, and had been since 1872, when by chapter 629 it had been so declared. The right nevertheless existed under the acts relating to it to issue executions to a marshal during the intervals between different acts of the legislature on the subject.

By the act of the legislature relating to the Marine Court passed in 1872 (supra), section 2, it was declared that the process, proceedings and remedies then in use and prescribed by the Code should be employed in that court as near as might be, and that all actions, proceedings and remedies should be had before that court in the same

manner as they were then had in other courts of record, except
when otherwise directed by that act. And it was supposed that
the sections of the old Code from 283 to 289, both inclusive,
governed the form and manner of issuing executions out of the
Marine Court. (McAdams Marine Ct. Pr., 215, 219.) In 1875,
however, an act relating to the Marine Court was passed (chap. 479)
by which (§ 53) it was declared that the execution on any judg-
ment therein must be directed to the sheriff, except when he was
a party or interested, although by subdivision 6 of that section,
it was also declared that if the execution were issued to the county
of New York it might be directed to and enforced by any one of
the marshals of the city, but limiting their power to the levy and
sale of personal property only. After the passage of that act,
and in 1877 the Court of Common Pleas of this city, per VAN
HOESEN, J., decided in *Palmer* v. *Clark* (4 Abb. N. C., 25) that
an execution upon a judgment of the Marine Court might issue at
once to the sheriff, and that the docket with the clerk of the county,
by filing a transcript, was not necessary to authorize it, but was to
secure a lien upon real estate. This decision has not been over-
ruled. The act of 1875 referred to was not expressly repealed until
the passage of chapter 245 of the Laws of 1880 (§ 1, subd. 51), which
repealed it except as to section 54, relating to stenographers.

It must be observed, also, that if, under the act of 1875, any
doubt existed as to whether an execution could issue at once upon
its judgment it was removed by another act passed in that year, and
on the twenty-first of June, chapter 625, containing one section only,
but which provided that all orders of arrest, warrants of attach-
ments, executions and proceedings to recover personal property in
civil actions, except when the sheriff is a necessary party thereto,
made in or issuing out of any court of record in the city and county
of New York, *whether by statute* or otherwise, should be issued to
the sheriff only. No reference was made to this statute by the
learned justice who wrote the opinion in *Palmer* v. *Clark* and no
reference has been made to it by either of the counsel on this appeal.
It changes the prior act of the same year which permitted execu-
tions, if issued to the county of New York, to be issued to a marshal,
and confides that process to the sheriff only. The accuracy of the
decision, however, in *Palmer* v. *Clark* is, by invoking this enact-

ment, certain beyond peradventure. The language employed in regard to the courts of record, namely, whether by statute or otherwise, clearly indicates and embraces the Marine Court. That act was, however, amended subsequent to the issuing of the executions herein considered, and in such a way as to demonstrate the intention to apply its provisions when passed to the Marine Court. By chapter 515 of the Laws of 1879, passed 21st June, 1879, it was altered by allowing the process named, when issued out of the Marine Court, to go to any marshal of the city of New York, thus restoring, but making more emphatic, the provisions of the original act of 1875, by which execution could be issued to the sheriff or to a marshal. The passage of this act shows also that the legislature regarded the acts of 1875 as still in existence and controlling notwithstanding the passage of the first part of the Code in 1876 already mentioned, and, therefore, unrepealed by the latter enactment. And this view is indicated again by the provisions in the second part of the Code, passed in 1880, to which reference has already been made. The peculiar organization of the Marine Court growing out of the statutory enactments has been preserved as indicated by the statutes referred to including section 3347 which, as already suggested, recognizes the existence of the power to issue executions to the marshals. (See, also, section 339 of the Code on a kindred subject.) No other view can well be entertained of this legislation than that until 1880, the proceedings in the Marine Court as to executions were regulated and controlled by the provisions of the acts of 1875 and 1879. The act of 1875 had not been repealed prior to that time and, indeed, was not then wholly repealed, section 54, to which reference has already been made, being excepted.

The result of this examination of the question presented upon this appeal is, therefore, that the execution to the sheriff was properly issued, was not void, and that it was consequently his duty to proceed thereon and enforce it according to law.

The judgment should be reversed, and the defendant permitted to answer in twenty days on payment of the usual costs.

DANIELS, J., concurred.

Judgment reversed, defendant allowed to answer on payment of costs.